FILED
ASHEVILLE, N.C.
DEC -6 2007
U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:07 CR _106-1_ |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| HENDERSON AMUSEMENT, INC. | ) | |

NOW COMES the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, and the defendant, HENDERSON AMUSEMENT, INC., through its President, JAMES OTIS HENDERSON, and through counsel for HENDERSON AMUSEMENT, INC., THOMAS A.M. BOGGS, and respectfully inform the Court that they have reached the following agreement:

### I. Plea

1. The defendant agrees to enter a voluntary plea of guilty to Counts One and Four as set forth in the Bill of Information, and admits to being in fact guilty as charged in those Counts.

2. If the Court finds the defendant's plea to be voluntary and knowingly made, and accepts the plea, then the United States will move at the appropriate time to dismiss all counts as to this defendant in the Bill of Indictment in Docket Number 1:07 CR 69.

3. The defendant agrees that the Court may consider any such dismissed counts and all pertinent information as "relevant conduct," *United States Sentencing Guidelines [U.S.S.G.] § 1B1.3*. The Court may also consider any dismissed count as a "conviction" for purposes of 28 U.S.C. §§ 1918 (costs of prosecutions, including fines and forfeitures), 920 (court costs, including fees for interpreters), as well as for purposes of forfeiture and restitution.

### II. Sentence

4. The defendant is aware that the statutory minimum and maximum sentences for each count are as follows:

Count One: a fine of $ 500,000 or up to twice the gross pecuniary gain derived from the offense, whichever is greater.

Count Four: a fine of $ 500,000 or up to twice the amount of the criminally derived property involved in the transactions.

1

5. The defendant is aware that the Court will consider the *United States Sentencing Guidelines [U.S.S.G.]* in determining the appropriate sentence. The defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count. The defendant further understands that no recommendations or agreements by the United States are binding upon the Court. Knowing these facts, the defendant understands and acknowledges that the defendant may not withdraw the plea solely as a result of the sentence imposed.

6. The defendant, through its corporate officers, agrees to truthfully complete a financial statement form provided by the United States Attorney. The defendant's officers shall date said form and sign it under penalty of perjury, thereby acknowledging that this financial statement fully and completely discloses his financial condition as of the date it is signed. Defendant shall update the financial statement with any material changes to its financial condition. Defendant shall provide this signed and dated financial statement within 30 days of signature on this plea agreement and any updates within seven days of the event changing his financial condition. Defendant understands and agrees that this financial statement will be used for the collection of any fine or restitution ordered by the Court, and the identification of property subject to forfeiture. The parties agree that the defendant's failure to timely and accurately complete and sign a financial statement and any update may, in addition to any other penalty or remedy authorized by law, constitute a failure to accept responsibility under U.S.S.G. § 3E1.1.

7. For the preparation of his Presentence Report, the defendant agrees to cooperate fully with and make a full disclosure of all current and projected assets and property to the United States Probation Office. If the defendant should fail to make the aforementioned full disclosures, then the United States will be relieved of its obligations under the Plea Agreement, but the defendant will not be allowed to withdraw this guilty plea.

8. The parties agree that the Court shall set the amount of fine and shall consider the Fine Table in U.S.S.G. § 5E1.2 as advisory.

9. If more than $500.00 in restitution, fines, and/or assessment is owed to the United States government, a lien will be filed. The defendant understands that if a lien is filed against its property, its obligation to pay restitution shall last for twenty years. 18 U.S.C. § 3613.

10. The defendant hereby agrees to pay the total amount required for assessment ($ 200) to the Clerk, United States District Court, before 5:00 p.m. on the date of pleading guilty.

### III. Procedure

11. The defendant agrees that a duly-qualified federal Magistrate Judge may conduct the hearing required by Fed. R. Crim. P. 11.

2

12. With the Court's permission, the factual basis, as required by Fed. R. Crim. P. 11(b)(3), may be deferred until the time of sentencing. The defendant stipulates that there is a factual basis for the plea of guilty and that the Court may use the offense conduct set out in the Presentence Report, except any facts to which the defendant has objected, to establish a factual basis for the defendant's plea.

## IV. Waivers

13. The defendant understands and agrees that if it should fail to specifically perform or to fulfill completely each and every one of its obligations under this Plea Agreement, then the United States will be relieved of its obligations under the agreement, but the defendant will not be allowed to withdraw the guilty plea.

14. The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty. The defendant has discussed these rights with defense counsel and knowingly and expressly waives any right to withdraw the plea once the Magistrate Judge has accepted it.

15. The defendant acknowledges that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 are rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these Rules. As a result of this waiver, it understands and agrees that any statements which are made in the course of his guilty plea or in connection with its cooperation pursuant to this plea agreement will be admissible against it for any purpose in any criminal or civil proceeding if its guilty plea is subsequently withdrawn or in any post-conviction proceeding if the defendant challenges the voluntary nature of the guilty plea.

16. The defendant understands and agrees that by pleading guilty, the defendant is expressly waiving the following rights:

      a.    to be tried by a jury;
      b.    to be assisted by an attorney at trial;
      c.    to confront and cross-examine witnesses; and,
      d.    not to be compelled to incriminate itself.

17. Defendant and defendant's counsel warrant that they have discussed: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability to the defendant of entering into this plea agreement.

18. Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel *or* (2) prosecutorial misconduct.

19. Also, in exchange for the concessions made by the United States, defendant agrees that the United States preserves all its rights and duties with respect to appeal as set forth in 18 U.S.C. § 3742(b), while the defendant waives all rights to appeal or collaterally attack the sentence of conviction with the exceptions set forth above. This agreement does not limit the United States in its comments in or responses to any post-conviction matters.

20. The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## V. Forfeiture

21. The defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Bill of Information including, but not limited to, all assets specifically listed in the Bill of Information and all assets listed in any separate list or consent order signed by the defendant. **With regard to the real property listed in the Bill of Information, the parties agree that in the sole discretion of the United States Marshal, the Government may allow the defendant to substitute cash, equal to the defendant's share of the equity of that named real property, in lieu of any forfeiture of the defendant's interest in that real property.**

22. If the United States discovers that the defendant has not fully disclosed all assets as required herein, the United States, in its sole discretion, may withdraw from its obligations under this Plea Agreement. However, the defendant's guilty plea will stand. Alternatively, the United States may seek forfeiture of any subsequently-discovered assets, in which case the defendant agrees that such assets are governed by this Plea Agreement just as if they had been properly disclosed.

23. For purposes of any order of forfeiture herein, the defendant warrants that it has or had a possessory interest or other legal interest in each item or property, except as specifically stated in any exhibit attached hereto. If applicable, defendant consents to the use of the property to pay restitution to the victims listed herein or as found by the Court.

24. By this agreement, the defendant agrees to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, surrender of title, signing a consent order or decree, stipulating facts regarding the basis for forfeiture, and signing any documents necessary to transfer title. Defendant hereby further consents to the immediate entry of an interlocutory order of sale covering any assets which, in the government's sole discretion, are

4

subject to depreciation or which will or may cause storage or similar expenses to be incurred by any federal, state, or local government entity.

25. The defendant stipulates that all funds in accounts at financial institutions, as listed herein or in any document signed by defendant pursuant to this plea agreement, are criminal proceeds. Defendant agrees to direct each such financial institution to turn over all funds and records regarding those accounts and to surrender them to the United States.

26. The defendant agrees to identify all assets that have been acquired either directly or indirectly through the unlawful activities of any co-defendants or co-conspirators. The defendant further agrees to assist the United States in the recovery of all such assets and to prevent the disbursement of any moneys and sale of any property or assets identified, if such disbursements or sales are within the defendant's direct or indirect control. The defendant further agrees not to encumber or transfer any real estate after his signing of this plea agreement.

27. Defendant has surrendered or will surrender the forfeited property under defendant's control to the United States Marshal or other agent of the United States. To the extent that any of this property was not included in a notice of forfeiture, defendant waives all rights under Fed. R. Crim. P. 32.2(a). If any of this property is not otherwise subject to forfeiture, defendant agrees to its forfeiture as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute.

28. Defendant understands and agrees that the United States may commence an administrative action and/or a separate civil action for forfeiture of this property. For purposes of any such action, defendant waives all claims to the property; stipulates to probable cause for its forfeiture as proceeds of and/or property used to facilitate one or more violations of as charged in the Bill of Information; and agrees to its forfeiture to the United States for disposition according to law. If defendant submitted any claim(s) in a related administrative forfeiture proceeding, defendant hereby withdraws all such claims, regardless of whether the subject property is listed in the Information or other document filed herein, and consents to the entry of an administrative declaration of forfeiture as to all such property. Defendant consents to the assignment of any related civil forfeiture case to the District Judge or Magistrate Judge assigned to any part of this criminal case. Defendant waives further notice in any proceedings necessary to obtain a civil judgment of forfeiture and consents to the Magistrate Judge conducting all proceedings necessary for any civil forfeiture of the property, including entry of judgment, pursuant to 28 U.S.C. §636(c). Defendant waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a).

29. If and when requested to do so by the government, defendant agrees to ask any nominee holder of the property to execute a form waiving all rights to the property and consenting to forfeiture and/or use of the property for restitution.

5

## VII. Conclusion

30. The defendant understands that if it breaches this Plea Agreement, or violates any federal, state or local law, or any order of any court, including any condition of pre-trial or pre-sentence, or post-sentence release, the United States will be relieved of its obligations under this Plea Agreement, but the defendant will not be allowed to withdraw its guilty plea. The United States will be free to proceed on any properly-filed dismissed, pending, superseding, or additional charges.

31. There are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all parties.

SO AGREED:

_____  DATED: 12/6/07
RICHARD LEE EDWARDS, Assistant United States Attorney
COREY F. ELLIS, Assistant United States Attorney

_____  DATED: 12-6-07
THOMAS A.M. BOGGS, Attorney for Defendant

_____  DATED: 12-6-07
HENDERSON AMUSEMENT, INC., Defendant
By James Otis Henderson, President

6