IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:07CR106

FILED
ASHEVILLE, N.C.
JUN 26 2009
U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>1) HENDERSON AMUSEMENT, INC., )<br>2) JAMES OTIS HENDERSON )<br>  a/k/a JAMIE HENDERSON, )<br>3) BARRON SLOAN HENDERSON, )<br>  a/k/a Barry Henderson, )<br>)<br>Defendants. ) | **FOURTH PRELIMINARY**<br>**ORDER OF FORFEITURE**<br><br>**BY SUBSTITUTION OF PROPERTY** |

As a result of the guilty pleas of the defendants to the violations stated in the Bill of Information, for which the United States sought forfeiture pursuant to 18 U.S.C. §§ 981, 982, 1955, and 2461(c), the defendants shall forfeit to the United States all property constituting or derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and/or all property used or intended to be used in any manner or part to commit or facilitate the commission of the violations.

The Court has determined, based on the Bill of Information; the defendants' guilty pleas; the Consent Orders and Judgments of Forfeiture of the defendant; the First, Second, and Third Preliminary Orders of Forfeiture, and the United States' Motion for a Fourth Preliminary Order of Forfeiture that the defendants have an interest in the below-described property which, pursuant to 21 U.S.C. § 853(p)(1)(A), (B), and (E) and Fed. R. Crim. P. 32.2(e), is now subject to forfeiture as substitute property for a portion of the Court's original Order of a money judgment of criminal proceeds.

It is therefore **ORDERED**:

  1. Pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p) providing for the forfeiture of substitute property, the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

  County, North Carolina, with deed recorded at Book 1293, Page 1206, of the Registry of Deeds, Rutherford County, North Carolina,, together with the buildings, residences, and all appurtenances, improvements, and attachments thereon,

  Real Property with the address of Lot 16, Woodlake Drive, Spartanburg, South Carolina, with deed recorded at Book 81R, Page 803, of the Registry of Deeds, Spartanburg County, South Carolina, together with the buildings, residences, and all appurtenances, improvements, and attachments thereon,

  Real property with the address of 1394 W O Ezell Blvd., Spartanburg, South Carolina, with deed recorded at Book 81A, Page 54, of the Registry of Deeds, Spartanburg County, South Carolina, together with the buildings, residences, and all appurtenances, improvements, and attachments thereon,

  Real property with the address of 159 Collinsdale Court, Inman, South Carolin, with deed recorded at Book 83T, Page 871, of the Registry of Deeds, Spartanburg County, South Carolina, together with the buildings, residences, and all appurtenances, improvements, and attachments thereon.

  First Citizen Bank (Henderson Development) account, First Citizen Bank, 1230 Main Street, Columbia, South Carolina, Account Number XXXX2601. (Sealed Ex B),

  BB&T (Henderson Amusement) account, BB&T, P.O. Box 819, Wilson, North Carolina, Account Number XXXX8594. (Sealed Ex B),

  2. The Attorney General (or his designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish three times in a newspaper of general circulation, notice of this order and of its intent to dispose of the property in such manner as the United States may direct. In lieu of newspaper publication, the government may publish notice on the internet as permitted by law. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. Upon sale or disposal of the property, the United States shall report the value of the property to the Court. The Court shall then enter such adjustments as are necessary to the money judgment previously entered in this case.

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

This the 25th day of June, 2009.

THOMAS SELBY ELLIS, III
UNITED STATES DISTRICT JUDGE