IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION



DOCKET NO. 1:07CR106

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **FIFTH PRELIMINARY** |
| | ) | **ORDER OF FORFEITURE** |
| 1) HENDERSON AMUSEMENT, INC., | ) | |
| 2) JAMES OTIS HENDERSON | ) | **BY SUBSTITUTION OF PROPERTY** |
| a/k/a JAMIE HENDERSON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

As a result of the guilty pleas of the defendants to the violations stated in the Bill of Information, for which the United States sought forfeiture pursuant to 18 U.S.C. §§ 981, 982, 1955, and 2461(c), the defendants shall forfeit to the United States all property constituting or derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and/or all property used or intended to be used in any manner or part to commit or facilitate the commission of the violations.

The Court has determined, based on the Bill of Information; the defendants' guilty pleas; the Consent Orders and Judgments of Forfeiture of the defendants; the Motions by the United States for the First, Second, Third, and Fourth Preliminary Orders of Forfeiture; the entry by the Court of the First, Second, Third, and Fourth Preliminary Orders of Forfeiture; the entry by the Court of the First, Second, and Third Final Orders of Forfeiture; and the United States' Motion for a Fifth Preliminary Order of Forfeiture that the defendants have an interest in the below-described property which, pursuant to 21 U.S.C. § 853(p)(1)(A), (B), and (E) and Fed. R.

Crim. P. 32.2(e), is now subject to forfeiture as substitute property for a portion of the Court's original Order of a money judgment of criminal proceeds.

It is therefore **ORDERED**:

1. Pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p) providing for the forfeiture of substitute property, the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

> **All money for and property providing money for monthly payments of a mortgage and promissory note of $8,450.37 per month, being the Promissory Note executed by James O. Henderson and J. Leigh Henderson and First Citizens Bank and Trust Company, Spartanburg Private Banking Group, 450 E. Henry Street, Spartanburg, South Carolina 29302, on September 4, 2008; and being the Mortgage of Real Estate executed by James O. Henderson and Janet L. Henderson and First Citizens Bank and Trust Company, Inc., PO Box 29, Columbia, South Carolina 29202.**

2. **Restraint on Alienation.** Upon service of this Order by the United States, the following persons or entities shall not alienate or transfer any property, including money or financial accounts, having to do with the property forfeited herein: **James O. Henderson and Janet Leigh Henderson, First Citizens Bank and Trust Company.**

3. **Discovery.** The Attorney General (or his designee) is authorized to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights under Fed. R. Crim. P. 32.2(b)(3).

Upon the request of the United States, the following persons shall submit to deposition and produce documents and other materials concerning any property that has been owned or possessed by defendants James Otis Henderson and Henderson Amusement, Inc. since October 1, 2000: **James O. Henderson and Janet Leigh Henderson.**

Upon the request of the United States, **First Citizens Bank and Trust Company** shall produce all documents and other materials in its possession or archives concerning James Otis Henderson, Henderson Amusement, Inc., Henderson Development, and any other entity in the name of, by, or for James Otis Henderson.

4. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish three times in a newspaper of general circulation, notice of this order and of its intent to dispose of the property in such manner as the United States may direct. In lieu of newspaper publication, the government may publish notice on the internet as permitted by law. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

5. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

6. The Court will not enter a Final Order of Forfeiture under Fed. R. Crim. P. 32(c)(2), before the United States reports to the Court a more specific description of the property to be forfeited.

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. Upon sale or disposal of the property, the United States shall report the value of the property to the Court. The Court shall then enter such adjustments as are necessary to the money judgment previously entered in this case

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

This the 7th day of January, 2010.

THOMAS SELBY ELLIS, III
UNITED STATES DISTRICT JUDGE